**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SARA ESTHER SOSA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-147-KC** |
| | § | |
| **MVM - TRAVEL YOUTH CARE,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On this day, the Court considered the case. On June 14, 2026, the Court referred Defendant's Motion to Dismiss ("Motion"), ECF No. 16, to United States Magistrate Judge Miguel A. Torres. June 14, 2026, Text Order. On August 10, 2026, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 30, recommending that the Court grant the Motion and dismiss Plaintiff's sex discrimination claim. Specifically, the Magistrate Judge provided Plaintiff with a fourteen-day window to show a basis for amending her sex discrimination claim and recommended that if she failed to make such a showing, the Court should dismiss the claim with prejudice. *Id.* at 22. And that, regardless of any such showing, the Court should dismiss any claim arising from the 2023 nail polish incident with prejudice. *Id.*

Parties have fourteen days from service of a Report and Recommendation of a United States Magistrate Judge to file written objections. *See* 28 U.S.C. § 636(b)(1)(C). On August 25, 2026, Plaintiff filed her objections to the R&R. Objs. R&R, ECF No. 33. As for the 2023 incident, Plaintiff only objects to the Magistrate Judge's recommendation for dismissal with prejudice, "to the extent . . . [it] preclude[s] Plaintiff from relying on that incident as *background evidence* in support of her timely termination claim." *Id.* at 2. Otherwise, Plaintiff argues that

her Complaint plausibly states a claim for sex discrimination, but in the alternative, that she has cured the deficiencies identified in the R&R in her attached, proposed amended complaint. *Id.* at 3–8; *see id.* Ex. A ("1st Am. Compl."), ECF No. 33.

A district court "shall make a de novo determination of those portions of [a magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

As for Plaintiff's objection that her Complaint plausibly states a claim, upon de novo review, the Court finds that the allegations in the Complaint failed to state a claim, essentially for the same reasons stated in the R&R. The Magistrate Judge correctly found that Plaintiff's allegations do not permit a reasonable inference that she was terminated on the basis of her sex, rather than because of the incident report for inappropriate touching of a coworker. *See* R&R 14–20. The Magistrate Judge was also correct that amendment of this claim would not necessarily be futile, and thus, leave to amend should be granted. *See id.* at 21–22. As for Plaintiff's objection regarding the 2023 incident, to the extent the Magistrate Judge's recommendation that any claim based on that incident be dismissed with prejudice erroneously suggested that the 2023 incident could not be considered as context for Plaintiff's sex discrimination claim, Plaintiff is correct.

Accordingly, the Court **ADOPTS in part** and **MODIFIES in part** the R&R, ECF No. 30, and **ORDERS** that Defendant's Motion, ECF No. 16, is **GRANTED**. Plaintiff's claim for sex discrimination is **DISMISSED** without prejudice and leave to amend is **GRANTED**. To the extent Plaintiff raises an independent claim for sex discrimination arising from the 2023 incident,

that claim is **DISMISSED** with prejudice.[1]

**IT IS FURTHER ORDERED** that the Clerk shall docket Plaintiff's First Amended Complaint, ECF No. 33.

**IT IS FURTHER ORDERED** that Defendant shall answer or otherwise respond to Plaintiff's First Amended Complaint **by no later than September 17, 2026**.

**SO ORDERED.**

**SIGNED this 27th day of August, 2026.**

**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

[1] The dismissal of this claim does not preclude Plaintiff from alleging the 2023 incident as context for her sex discrimination claim.